**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RICHARD F.,[1]             )
                            )
        **Plaintiff,**     )
                            )     **No. 24 C 00102**
    **v.**                  )
                            )     **Magistrate Judge**
**LELAND DUDEK,[2] Acting**    )     **Maria Valdez**
**Commissioner of Social Security,** )
                            )
        **Defendant.**    )
                            )

## <u>MEMORANDUM OPINION AND ORDER</u>

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Richard F.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion request that the Commissioner's decision be reversed [Doc. No. 16] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin O'Malley resigned as Commissioner of Social Security on November 29, 2024, and Leland Dudek was appointed as the Acting Commissioner of Social Security on February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Martin O'Malley as the defendant in this suit.

## BACKGROUND

### I. PROCEDURAL HISTORY

On February 28, 2014, Plaintiff filed applications for DIB and SSI, alleging disability since April 1, 2013. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 10, 2016. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Plaintiff later first amended the alleged disability onset date to August 29, 2013, and then amended it again to April 1, 2013. He also submitted additional evidence.

On February 15, 2017, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The district court remanded the case to the ALJ for further proceedings. On February 5, 2020, after a second hearing, the ALJ again denied Plaintiff's claim. Plaintiff sought review from the district court again, and the case was again remanded. A third hearing was held on September 28, 2022, but due to a faulty recording of the hearing, it was held again on January 18, 2023. On March 17, 2023, the ALJ again denied Plaintiff's claim. Each time, the Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of April 1, 2013. At step two, the ALJ concluded that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease; bilateral knee osteoarthritis; and bilateral carpal tunnel syndrome. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following exceptions: frequently operate hand controls bilaterally; frequently reach in all directions, including overhead bilaterally; frequently handle and finger bilaterally; occasionally climb ladders, ropes, and scaffolds; occasionally stoop, kneel, crouch, and crawl; avoid concentrated exposure to vibration and pulmonary irritants.

At step four, the ALJ concluded that Plaintiff would be capable of performing his past relevant work as a security guard. Because the ALJ concluded that Plaintiff could perform his past relevant work, the ALJ found that Plaintiff is not disabled under the Social Security Act without proceeding to step five.

## DISCUSSION

### I.   ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including that the ALJ failed to consider evidence that she explicitly directed Plaintiff to provide and that he did in fact provide. The Court agrees.

At the hearing, in response to Plaintiff's testimony that he had difficulty finding a medical provider who would take his insurance, the ALJ directed Plaintiff to attempt to contact several medical providers and document those attempts in order to corroborate his testimony. Indeed, the ALJ characterized this issue as "extremely important," "very serious," and "material and relevant to a decision in this case." Plaintiff and his attorney subsequently attempted to contact 19 medical providers between them. Plaintiff and his attorney then documented either that they were told the provider did not take Plaintiff's insurance, they did not answer the telephone call, they did not return the call after a message was left, or the provider was no longer at that office. This documentation was then submitted to the record. Nonetheless, in the ALJ's decision, she noted that despite having "urged the claimant's representative to submit some corroborative proof, beyond the claimant's subjective testimony, that he was unable to access treatment, . . . nothing was forthcoming."

Defendant does not dispute that Plaintiff submitted this documentation but argues that it amounts to no more than Plaintiff's and his attorney's subjective testimony in written form. While true, the ALJ explicitly requested this exact documentation and stressed its importance to her decision. An ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron*, 19 F.3d at 333. And an ALJ must consider "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Here, it is the ALJ who emphasized that the documentation was "material and relevant to a decision in this case." If the ALJ believed the documentation was relevant evidence, then she should have considered it.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that she also properly evaluates Plaintiff's RFC, including whether he needs to use a cane and whether he should be limited to light work.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion request that the Commissioner's decision be reversed [Doc. No. 16] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied. The Court finds that this matter

should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                             **ENTERED:**


**DATE:**      **February 21, 2025**          _____
                                              **HON. MARIA VALDEZ**
                                              **United States Magistrate Judge**

9